UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROOSEVELT DEVAIL GRAY, | ) | CASE NO. 4:05 CV 988 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KELLEH KONTEH, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On April 15, 2005, petitioner pro se Roosevelt D. Gray filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Gray is incarcerated in an Ohio penal institution, having been convicted in June 1993, pursuant to a guilty plea, of involuntary manslaughter, aggravated robbery, aggravated robbery with a gun specification, and receiving stolen property with specification.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal

habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that while Gray sought and was denied postconviction relief in 1993, this was approximately 12 years prior to the filing of the within petition. Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254

Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

     IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              UNITED STATES DISTRICT JUDGE

Dated: 6/9/05